I concur in the principal opinion on the failure to adopt a public notice rule. That is sufficient to invalidate the "day care" rules. However, since the matter must again be considered by the agency, I believe two other points should be noted.
Even if the purported public notice rule had been properly adopted prior to the "day care" rules, in my opinion the specific rule as drafted here would not be valid. Any public notice rule must, of course, meet the three specific requirements stated in Section 119.03 (A) (1), (2) and (3), Revised Code. However, it must also meet the basic requirement of reasonableness. Paragraph (A) of Section 119.03, Revised Code, provides: "Reasonable public notice shall be given * * *." (Emphasis added.) The purported rule here makes public notice of the hearing almost infinitesimal. It calls for a notice in a daily newspaper of general circulation. Literally, this requires only a single publication in only one such newspaper anywhere in *Page 414 
the state. A different newspaper could be chosen on each occasion since no particular one is specified, nor are any criteria or standards for selection given other than it be a daily of general circulation. This is in the face of the fact that the agency here intends to adopt rules which will substantially affect not only a large number of licensees throughout the entire state but also will affect the interests of many thousands of persons who use the licensees' facilities.
The second portion of the purported rule requires the mailing to operators and applicants of a copy of the proposed rule not less than 30 days prior to the hearing. It does not require that such persons be notified of the time, place and date of the hearing, nor even that the agency intends to consider adoption. It does not even set an outer limit on the time for mailing. Apparently even the licensees are expected to discover what particular newspaper was selected and on what date the single publication was made in order to find out about the hearing. In my opinion, these provisions for notice are not merely minimal. They are unreasonable.
As to the actual notice published in this case, it purports to fulfill the alternative requirement of Section 119.03 (A) (2), Revised Code, i. e., that the notice include "a general statement of the subject matter to which such proposed rule relates." Suffice it to observe that a reading of the notice as quoted in the principal opinion shows that the concept of a general statement was stretched to the breaking point.
The state has also suggested an inconsistency in the provisions of Section 119.03 (A), Revised Code. Read by itself, it appears to require public notice to be made as provided by rule, and at the same time requires public notice as to the adoption of any rule. This, of course, would be physically impossible. While we do not pass on this problem at this time, attention should be directed to the provisions of Sections119.03 (F) and 119.04, Revised Code.
Modern government has witnessed the dramatic shift of much of the development of legal controls from the Legislature to agencies. The Administrative Procedure Act is a legislative response to that development. It seeks not only to regularize agency procedures but to provide adequate protection for the public's right to know of, and either support or protest against, *Page 415 
proposed controls of private activity. The right to know and the right to be heard are fundamental to democracy. It is most disconcerting to encounter an attitude of mind so evident in this case which grudgingly accepts and only minimally complies with legal requirements designed to insure the workings of democracy.